## Sally Jaffe *vs.* Harry Jaffe.

JULY 12, 1956.

Present: Flynn, C. J., Condon, Andrews and Paolino, JJ.

CONDON, J. This is a petition by Sally Jaffe for divorce from bed and board which was granted by a decision of the superior court on June 23, 1949. The decision expressly left open for further consideration an allowance for the support of the petitioner. Thereafter on March 30, 1954 she petitioned for such allowance and sought to make subject to this proceeding certain alleged property of the respondent standing in the name of Sylvia Jaffe, respondent's present wife, and others. In response to a subpoena served on her Sylvia Jaffe appeared and instead of answering the petition filed a motion to quash and vacate the decision of June 23, 1949. After a hearing on such motion the superior court entered a decree denying and dismissing it. From that decree Sylvia Jaffe has appealed to this court.

After the appeal was duly entered here, petitioner moved to dismiss it on the ground, among others, that Sylvia Jaffe is not and never has been a party to the instant divorce proceeding, and that therefore she had no right to file in the superior court the motion to quash and vacate the decision or to prosecute an appeal from the denial thereof to this court. We are of the opinion that petitioner's motion to dismiss has merit.

It appears from the record that respondent Harry Jaffe is alleged to own certain property in this state which he has transferred to others, among them Sylvia Jaffe. The petitioner has now pending in the superior court her petition of March 30, 1954 seeking to have the equitable ownership of such property established in Harry Jaffe and to impress a trust thereon in the present holders of the legal title so that such property may be subjected, if necessary, to the payment of any allowance that respondent Harry Jaffe may be ordered to make for the medical care and support of petitioner. To that end the petition prays that Sylvia Jaffe make answer concerning the true ownership of the alleged property of Harry Jaffe. She was accordingly served with a subpoena to appear for that purpose and was

temporarily enjoined from alienating, encumbering or otherwise transferring or disposing of such property. As far as she was concerned the petition raised no other question.

However, Sylvia Jaffe appears to contend that she has a right to go behind the limited purpose of the subpoena and raise the question of the validity of the divorce granted by the superior court on June 23, 1949, although she was not a party to that proceeding. She bases this claim on the ground that Harry Jaffe received an absolute divorce from the petitioner in the state of Nevada on December 18, 1944 and that thereafter on September 11, 1945 she, Sylvia Jaffe, married Harry Jaffe in the city of New York and is his present lawful wife. She further contends that, because the decision of the superior court of June 23, 1949 held that the Nevada divorce was null and void in this state, her interest is so far involved that she is entitled to attack the validity of that decision.

The difficulty with that argument in the present circumstances is twofold. First, if she has any right to make such an attack it must be done by an independent proceeding and not by a motion within this divorce proceeding. *Damm* v. *Damm,* 77 R. I. 24. Secondly, Sylvia Jaffe has been served with a subpoena in compliance with the prayer of the instant petition only for the purpose of determining whether she, with others subpoenaed for a like purpose, is holding property to which Harry Jaffe is beneficially entitled. Whether or not such property, if it is determined to belong to him, may be subjected to the payment of any allowance to petitioner Sally Jaffe as the divorced wife of Harry Jaffe under the decision of June 23, 1949 is not a question which in any way concerns Sylvia Jaffe, whatever her marital status may be.

Whether Harry Jaffe could raise such a question need not concern us at this time, since he has not appeared. Certainly Sylvia Jaffe cannot answer for him. Her attempt to

raise such question by the motion to quash and vacate the decision of the superior court of June 23, 1949 was wholly without authority. It should have been dismissed on that ground in the superior court. *A fortiori,* her appeal from the decree of that court is without any valid standing here and must be dismissed.

The petitioner's motion to dismiss the appeal of Sylvia Jaffe is granted, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum,* for petitioner.

*John C. Burke,* for Sylvia Jaffe.